UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL MCAVOY,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
SALVATOR BILLIGMEIER, shield # 9701, POLICE
OFFICER SALVATOR VITALE, shield # 4202, POLICE
OFFICER ADRIAN PHAGOO, shield # 23655, POLICE
OFFICER MICHAEL CUNNINGHAM, shield # 6113,
SERGEANT ANDREW MASTRANDE, shield # 00399,

                              Defendants.

**FIRST AMENDED COMPLAINT**

11 CV 1701 (BMC)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and five New York City Police Officers of the 68th Precinct alleging that, on February 27, 2011, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, using excessive force on him and making false allegations about him to prosecutors. The false criminal charges were dismissed and sealed at plaintiff's arraignment on February 28, 2011. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiff is a United States citizen who resides in Brooklyn. Plaintiff is employed at an auto body shop in Brooklyn. One of plaintiff's job responsibilities is to drive a tow truck.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Salvator Billigmeier, Salvator Vitale, Adrian Phagoo, Michael Cunningham and Andrew Mastrande are New York City Police Officers employed in the 68th Precinct. Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

**STATEMENT OF FACTS**

9. During the evening of February 27, 2011, plaintiff was lawfully driving his car in the Bay Ridge section of Brooklyn heading to meet his brother John McAvoy and John's friend Alex Calatozzo at "Cebu Bistro and Bar," located at 8801 3rd Avenue near 88th Street.

10. At all relevant times, plaintiff had not committed a crime, violation or traffic offense, he was not wanted for a crime, violation or traffic offense and he was not acting in a suspicious manner.

11. Some of the defendant officers pulled plaintiff over at the corner of 87th Street and Bay Ridge Boulevard for no reason.

12. Officer Vitale ordered plaintiff to exit his car.

13. Another defendant searched plaintiff for no reason.

14. Plaintiff had $1,600 on him which he planned to give to his brother to write some checks for him since plaintiff does not have a checking account.

15. The defendants did not inform plaintiff of their reason for stopping him.

16. Officer Billigmeier handcuffed plaintiff excessively tight causing pain and bruising that lasted for a couple of days.

17. Plaintiffs asked Billigmeier in earshot of the other defendants to loosen the unnecessarily tight cuffs but he refused.

18. The defendants, acting in concert, arrested plaintiff although he had done nothing wrong.

19. Officer Billigmeier and another defendant took plaintiff to the 68th Precinct.

20. A short time later, Billigmeier and another defendant took plaintiff to the 78th Precinct for a sobriety test, which included giving a urine sample and a breathalyzer exam.

21. Plaintiff passed the sobriety test because he was not under the influence of alcohol or drugs. Although one of the tests indicated that plaintiff had marijuana in his system, plaintiff had not smoked any marijuana on the day of his arrest and thus was not under the influence of the drug while driving.

22. Several hours after arriving at the 78th Precinct, Billigmeier and another defendant took plaintiff back to the 68th Precinct and locked him in a cell.

23. While plaintiff was in custody, Officer Billigmeier misrepresented in police reports that plaintiff was found driving with a broken headlight and tail light, was in possession of a scanner set to the 68 frequency and was observed smoking marijuana, although no marijuana was recovered.

24. The other defendants knew that Billigmeier was making false allegations about plaintiff in police reports but they failed to take any steps to prevent the unjustified arrest.

25. On February 28, 2011, at approximately 12:00 p.m., unidentified officers tool plaintiff to Brooklyn Central Booking.

26. Plaintiff was held in cells in Brooklyn Central Booking which were severely overcrowded, unsanitary and infested with roaches and rodents. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and the other detainees to sleep on.

27. While plaintiff was in custody, Officer Billigmeier misrepresented to the Kings County District Attorney's Office that plaintiff was found driving with a broken headlight

4

and tail light, was in possession of a scanner set to the 68 frequency and was observed smoking marijuana.

28. The other defendants knew that Billigmeier was making commencing a bogus prosecution against plaintiff, but they failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor or to the District Attorney's Office.

29. Defendants' purposes in commencing a bogus prosecution against plaintiff was to have plaintiff convicted of and punished for crimes he did not commit, to obtain overtime compensation and to increase their arrest numbers.

30. Plaintiff was arraigned in criminal court on February 28, 2011 and the charges were dismissed and sealed.

31. Although the charges were dismissed, it took plaintiff some time to retrieve his car from defendants.

32. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 24 hours, deprived of his liberty, and suffered emotional distress, fear, anxiety, humiliation and pain and bruising to his wrists.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

33. Plaintiff repeats the foregoing allegations.

34. At all relevant times, plaintiff had not committed a crime, violation or traffic offense, he was not wanted for a crime, violation or traffic offense and he had not acted in a suspicious manner.

35. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

36. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

37. Plaintiff repeats the foregoing allegations.

38. At all relevant times, plaintiff had not committed a crime, violation or traffic offense, he was not wanted for a crime, violation or traffic offense and he had not acted in a suspicious manner.

39. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

40. Accordingly, defendants are liable to plaintiff under New York state law for false arrest.

## THIRD CLAIM

### (UNREASONABLE FORCE)

41. Plaintiff repeats the foregoing allegations.

42. Defendants' use of force upon plaintiff or their failure to intervene to prevent the use of force, as described herein, was objectively unreasonable and caused plaintiff pain and injury.

43. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## FOURTH CLAIM

### (FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL)

44. Plaintiff repeats the foregoing allegations.

45. Defendants' misrepresentations to the Kings County District Attorney's Office, or their failure to intervene, deprived plaintiff of liberty in that he was held in jail until his arraignment rather than being immediately released.

46. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabricating evidence against him and denying him a fair trial.

## FIFTH CLAIM

### (ASSAULT)

47. Plaintiff repeats the foregoing allegations.

48. Defendants' use of force upon, handcuffing and searches of plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

49. Accordingly, defendants are liable to plaintiff under New York state law for assault.

## SIXTH CLAIM

### (BATTERY)

50. Plaintiff repeats the foregoing allegations.

51. Defendants' use of force upon, handcuffing and searches of plaintiff were offensive and nonconsensual physical contacts which injured him.

52. Accordingly, defendants are liable to plaintiff under New York state law for battery.

## SEVENTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

53. Plaintiff repeats the foregoing allegations.

54. Defendants were acting within the scope of their employment as New York City Police Officers when they falsely arrested, assaulted and battered plaintiff.

55. The City of New York is therefore vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

## EIGHTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

56. Plaintiff repeats the foregoing allegations.

57. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

58. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

59. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

60. Several members of the NYPD have been convicted of crimes for engaging in corruption and for making false allegations.

61. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

62. In 2011, former NYPD Officer Jerry Bowen was convicted of murder and attempted murder while he was under indictment for corruption.

63. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state

courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

64. Sergeant Mastrande, the supervisor of the other defendants, has been sued numerous times in the Eastern District of New York for civil rights violations: *see Kewal v. City of New York*, 07 CV 4028, *Ramsaran v. City of New York*, 08 CV 0518*, Edison v. City of New York.* 09 CV 1858*,* and *T.E. v. City of New York,* 10 CV 0463. The City settled all of these cases.

65. Officer Cunningham was sued for civil rights violations in *T.E. v. City of New York,* 10 CV 0463, along with Sergeant Mastrande. As indicated, the case settled.

66. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

67. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: May 24, 2011

/s/

_____

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391